The next case on the calendar is Blair v. Moore Medical, LLC. We have the appellant by Zoom. Mr. Sabatini, can you hear me okay? Yes, Your Honor. If you could just wait a second. We just want your opposing counsel to get situated here. All right. We're ready to go, Mr. Sabatini. You have 10 minutes. Go ahead. Good morning, Your Honors. May it please the Court, I am James Sabatini. I represent Ms. Blair Scott. The District Court abused its discretion when dismissing this case and denying her motion to reopen. The origin of the decision to dismiss this case lies with Ms. Blair Scott's discovery responses. Her initial responses to defendant's interrogatories and requests for protection were done in June of 2020. That discovery work was being done during the COVID-19 pandemic. It was being done entirely remotely. It was being done under challenging conditions. Months later, the defendant filed a motion for an extension of time of the discovery deadline. The plaintiff did not object. The defendant subsequently filed another motion for extension of time for discovery and to file a substantive motion, a motion for summary judgment. It was that motion where the court entered an order, which in part directed the plaintiff to show pause as to why the case should not be dismissed for failure to prosecute. Can you give me the date on that, just so I'm clear on that? The back court's order is dated October 16, 2020. That was a conference, right? Right. And on October 26, 2020, the plaintiff filed a response to the defendant's motion for extension of time, which also addressed the court's order dated October 16. Mr. Sabatino, let me just ask you to skip ahead a little bit because, as you know, there was a conference on November 24th where you acknowledged that there were inconsistencies between your client's deposition and her responses to interrogatories. She hadn't signed the certification. So there were, I think you would concede, numerous remaining discovery issues attributable to your client, notwithstanding the pandemic. And the judge then gave three chances. November 24th, there was a conference and an order directing compliance, warning failure to do so could result in dismissal. Again, January 14th, another order ordering compliance with the November 24th order within seven days. Again, warning of the consequences of failure to comply. Right? And then, as you know, the one on January 29th where the district court gave another chance to allow you to reopen, even though it was dismissing the case, dismissed it without prejudice, to give you 45 more days to show your compliance. So that's what the dismissal was about, not what happened in October. Why isn't that sufficient chances for your client to comply with the discovery requirements? That's three chances with warnings. The plaintiff was working on addressing the discovery deficiencies. On January 27th, 2020, the plaintiff filed a status report. Indicating that the parties were not in agreement as to whether or not the plaintiff had fully complied with discovery and the meet and confer process was ongoing. Now, I also like the first warning was on October 16th, though, that there might be a dismissal. Correct? That's correct. So all of this is done in the context of that warning, and then there were subsequent warnings during this period. So somehow, from October 16th to the final dismissal with prejudice in May, there still was not compliance. Let me address that by making two points, Your Honor. One, it's the plaintiff's position that at the time she files the motion to reopen, she is in compliance with the discovery. I, as an officer of the court, in that motion to reopen, represented to the court that she has complied with her discovery obligation. Mr. Sabatini, the district court did not ask you for representation. It said showing that the plaintiff has fully complied. And in your response to that order, to show, which I interpret to mean to explain how you've complied, all you said is that the plaintiff believes that she has addressed everything satisfactorily with no explanation. On this stage, you provided the interrogatory responses. There was an outstanding deposition that needed to be rescheduled. You didn't address that. You provided no details of how she complied when the judge specifically asked you, directed you, to provide, to show that compliance. Why didn't you explain how she had complied? My representation in that motion to reopen, from my perspective, was all that was needed for the court to either grant that motion to reopen or, at a minimum, to hold a hearing where the discovery responses are reviewed for the court to determine whose representation is accurate. Is it the plaintiff's representation that the discovery has been complied with or the defendant's? I'd also like to note that all this is- But that was all in the context of what went on before and the difficulties that the judge was having prior to that. And so you say that, in a single-page motion, that she believes she addressed the defendant's issues, quote, satisfactorily. But then the other side comes forward with a list of outstanding discovery issues. At that point, what was the judge to do? Continue it for another six months? I mean- No, Your Honor, to hold a hearing. There was plenty of opportunity to comply here. At no time did the defendant file a motion to compel discovery compliance. Rule 37- So you could stall until there's a motion to compel. That's the idea. Is that what your point is? I didn't hear that first part of your statement, Your Honor. You can stall until there's an actual motion filed. Is that your position? No, that's not my position. There was no stalling on the part of the plaintiff. The point on the motion to compel is that there's a process where the parties are to meet and confer to discuss discovery issues and to resolve it prior to court intervention. Rule 37 provides for various penalties short of dismissal to address discovery noncompliance. Now, the plaintiff does not acknowledge that at the time she filed- The plaintiff's position is not that she is still in noncompliance. But, for example, if a party has failed to produce text messages, Rule 37 could permit the court, under certain circumstances, to instruct the jury that they may draw a negative inference against that party on the basis that the party failed to provide the text messages. This outright dismissal is reserved for extreme circumstances. Those circumstances did not exist in this case. What's the standard of review here, Mr. Sabatini?  Didn't the district court go through the Baptiste factors with some care to reach its decision? How can we sit here and say that the district court used its discretion? At the end of the day, we have Ms. Blair Scott. Answering the written discovery, addressing the discovery deficiencies, and at the time she files the motion to reopen, believes that she's fully complied. We want cases tried on their merits. Plaintiff's efforts to be in full compliance demonstrated that she wanted her case to be decided on the merits. And to deny her that opportunity under these circumstances was an abuse of the court's discretion. All right. Thank you, Mr. Sabatini. Thank you, Your Honors. We'll hear now from Ms. McKenna. Thank you, Your Honors. May it please the court, my name is Elizabeth McKenna. I'm here today with my colleague, Lindsay Reinhart, on behalf of Moore Medical LLC, the defendant appellee in this matter. As acknowledged by the plaintiff in her appellate brief, as well as the court in the line of questioning prior to this, the standard of review applicable to this matter, I'm sorry, can I take this off? Sure, of course. Thank you. I feel like I'm muffled. The standard of review applicable to this matter is abuse of discretion, and that standard has not been met here. All four of the factors that were recognized by this court in the matter of Agawam versus Mid-Island Mortgage Company supports the district court's exercise of discretion in this matter. That includes the willfulness of the noncompliant parties and the reason for her noncompliance, the efficacy of lesser sanctions, the duration of the period of her noncompliance. So applying that test the way that you're describing it assumes noncompliance. And what I'm trying to figure out is you have a motion, you know, invited by the court saying we've complied. I'm sorry. You have a motion saying we've complied, and then you have the other side saying, oh, no, you haven't. Why doesn't that create a dispute, a factual dispute, that would require the court to have some sort of further fact-finding or process to determine whether, in fact, at the time of the motion to reopen, plaintiff had, in fact, complied? Well, Your Honor, I think it boils down to that the court order from Judge Bryan at the district court level had required plaintiff to reopen upon a showing of compliance. And the one-page motion just making a representation of an officer of the court that the plaintiff was in compliance did not make any type of showing whatsoever. So showing is a term of art, I guess we're saying, and does it require affidavits? Or what is it that makes this not a showing to say she's complied? I would say at minimum it's an explanation of what was outstanding and what efforts were taken to comply with those outstanding issues because they had been raised previously to the court, so the court was aware of them. When we had submitted our status conference report back in January saying that the defendant disagrees that there has been compliance, the meet and confer efforts remain outstanding and ongoing, at that time I had provided a list to Attorney Sabatini of what was still outstanding. So I would say at minimum. I don't think affidavits would necessarily be required, but I think at minimum you have to provide the court with an explanation of this is the efforts we have taken in the 45 days that you have graciously given us on top of all the other warnings in order to bring ourselves under compliance. Go ahead. If you hadn't filed a response and this had been the representation, would the court have been within its discretion to decline to reopen the case just based on the insufficiency of the plaintiff's representations or is the failure to respond to your opposition really what drives it here? I would say, Your Honor, that the failure to make an initial showing would be enough to justify the denial of the motion. But I also think it's important to note that after my opposition was filed, the court waited almost two months before it actually issued a ruling on that motion to reopen, and I believe that in her final order she specifically acknowledged the fact that the plaintiff did not offer anything in rebuttal. So I would say if there was a misunderstanding of, I thought I was in compliance by stating this representation of an attorney and I get this detailed opposition back that explains why, my response would be to file a reply brief, request a hearing, say, Your Honor, I think that there are some disputes that we need to address here, or say, wait a minute, they said that I haven't produced this in response to this particular interrogatory. This is what I have provided. So I think it is significant that there wasn't an initial showing to begin with and there was no efforts after the fact to try to make that showing. Let me just ask you to focus on the interrogatories for a minute because I think there was a concession back in November that they were insufficient, right? Yes, Your Honor. By plaintiff's counsel. So was there any representation, explanation to the court as to how that, they were brought into compliance with respect to those interrogatories? Was that ever provided to the district court? No, Your Honor. So in response to the court's order, for example, there was no explanation that we amended the interrogatories or supplemented the interrogatories on X date and we now believe we're in full compliance. There was nothing of that. There was nothing of that nature, Your Honor. And I would just note that after the, way back in October, when the plaintiff's deposition had concluded, just to address the fact of Attorney Sabatini saying that a motion to compel could have resolved this issue, I took the, when I receive the interrogatory responses, I'm receiving them from counsel, I'm assuming that those interrogatory responses have been reviewed and verified by a plaintiff before they're provided to me. So I had no reason to think I had a reason to move to compel prior to the deposition. And it wasn't actually until the deposition that I realized the significant contrast between what was in an interrogatory response and what was actually the plaintiff was testifying to during her deposition. And I just think that it's also really important to emphasize that this is not just a case of COVID just got away from us and we were not able to provide responses and it's harder to coordinate with clients because of COVID because the plaintiff's deposition not only had me discovering for the first time that she hadn't even seen her interrogatory responses until I showed them to her during her deposition. She blatantly refused to answer questions that I was asking her. She abruptly left the deposition in the middle of it and just decided she wanted to take a half hour break. She came back and point blank said, I have no respect for this process. I have no respect for people's time. And we went back and forth for probably 30 pages of transcript testimony where I was trying to find out information about her move to D.C. And she was upset by those questionings. She was getting very combative with me with those questionings, but she lied to me. She blatantly lied to me about her move to D.C. And I, at the time, my paralegal, was furiously trying to research information to roll with this as the deposition's ongoing. But after the deposition completed, I subpoenaed where we thought she was living in D.C. and found out that she perjured herself. She had lied under oath repeatedly in order to avoid answering questions and providing damaging information that would hurt her case. And the court was aware of this because we had discussed it at length in the November status conference. And I think that this was guiding the court's conclusion, ultimately, in line with the Agawam factors that I referenced in the beginning of my statement, that this is willful noncompliance by the plaintiff. And the court still gave her multiple opportunities to fix the problem over the span of close to seven months. If you go from October when the first warning came down and May when the final ruling saying we're not going to grant the motion to reopen, that was seven months in order to rectify the issue and to solve the problem. After the court had issued lesser sanctions, there was monetary sanctions. I was supposed to be able to redepose her. He was supposed to resubmit the interrogatories to get to the state of then having attorney's fees assessed. And none of those were sufficient enough to encourage the plaintiff to actually comply, which is why a ruling of dismissal was appropriate under the circumstances. So I would otherwise rest on my brief unless the panel has any other questions for me. I don't think there are any other questions. All right, thank you. Thank you, Your Honors. So we will reserve decision. Thank you, both sides. Have a good day. Thank you, Your Honors.